

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 5, 1973

The Honorable Price Daniel, Jr.
Speaker, House of Representatives
State Capitol Building
Austin, Texas

Opinion No. H-175

Re: Validity of order of
Texas Highway Commis-
sion lowering prima
facie reasonable safe
speed

Dear Speaker Daniel:

On December 4, you requested our opinion as to the statutory authority of the Texas Highway Commission to administratively alter speed limits on Texas highways which had been set by the Legislature. At the time of your request the Highway Department had taken no formal action. Later, on December 4th the Highway Department did adopt a Minute Order providing as follows:

> "WHEREAS, the President of the United States has declared that a crisis exists as a result of an energy shortage; and

> "WHEREAS, he has called upon the Governors of the States to reduce the maximum speed limits of motor vehicles in order to conserve fuel; and

> "WHEREAS, he has asked for the cooperation of the people by voluntarily reducing speed in an effort to conserve fuel; and

> "WHEREAS, the Governor of Texas has joined the President in urging the people of Texas to conserve fuel by driving slower, and believes a significant amount of fuel can be saved as a result; and

"WHEREAS, the people of Texas have responded to the challenge of the President and the Governor, and by voluntary compliance have reduced the eighty-five percentile maximum speed; and

"WHEREAS, safety requires that a reduction of the maximum speed limit be had to more closely conform to the speeds actually in use by the majority of Texans; and

"WHEREAS, the Governor of Texas has requested the State Highway Commission to determine under applicable law whether, under these circumstances, the maximum speed limit ought to be reduced;

"NOW, THEREFORE, the State Highway Commission finds as follows:

"1. Its engineering and traffic investigation reveals that the majority of drivers in Texas are driving at substantially lower speeds as a result of the recent request by the President and by the Governor that they do so, to conserve fuel in the crisis situation that now exists.

"2. Such engineering and traffic investigation reveals, therefore, that the present prima facie maximum speed limit is greater than that which is reasonable and safe under the aforementioned conditions.

"3. That the State Highway Commission finds, based upon such investigation, that a reasonable and safe prima facie maximum speed limit on all Highway Routes within the State is 55 miles per hour.

"THEREFORE, the State Highway Commission hereby declares and fixes the maximum reasonable and safe prima facie maximum speed limits on all Highway Routes in the State, both within and outside of the limits of incorporated cities, to be 55 miles per hour.

"The provisions of this Minute Order amend the provisions of all previous Minute Orders which establish limits higher than those specified above to the extent they conflict with this Minute Order, until such time as this Minute Order is canceled for reasons of it no longer being necessary or desirable.

"BE IT FURTHER ORDERED by the State Highway Commission that the State Highway Engineer proceed in the most feasible and economical manner with assembling material and manufacturing signs to implement this change, and then proceed to erect appropriate signs showing the maximum speed limits established herein. "

We therefore treat your question as asking specifically the authority of the Department to adopt the above Minute Order No. 68228.

The Texas statutes concerning speed limits are found in Article XIX of Article 6701d, Vernon's Texas Civil Statutes, most recently amended in 1971. (The following references are to sections of that Article.)

Section 166 (b) provides:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. "

The validity of a similar provision in the Penal Code was upheld in Eaves v. State of Texas, 353 S.W. 2d 231 (Tex. Crim. 1961) and the validity of the specific provision has been upheld, against attack that it was too vague, by Attorney General Opinion M-495 (1969) relying upon the Eaves decision.

Section 166(a) provides in part:

> "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing. Except when a special hazard exists that requires lower speeds for compliance with paragraph (b) of this Section, the limits specified in this Section or established as hereinafter authorized shall be lawful; but any speed in excess of the limits specified in this Section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:
>
> "1. Thirty (30) miles per hour in any urban district;
>
> "2. Seventy (70) miles per hour during the daytime and sixty-five (65) miles per hour during the nighttime for any passenger car, motorcycle, or motor-driven cycle on any State or Federal numbered highway outside any urban district, including farm-and/or ranch-to-market roads, and sixty (60) miles per hour during the daytime and fifty-five (55) miles per hour during the nighttime for any passenger car, motorcycle, or motor-driven cycle on all other highways outside any urban district;
>
> "3. Sixty (60) miles per hour for all other vehicles on any highway outside any urban district; . . . . "

Section 167(a), (amended by Acts 1971, 62nd Leg., p. 767, ch. 83), provides:

"Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation that any prima facie maximum speed limit hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of the highway system, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon, said State Highway Commission may determine and declare a reasonable and safe prima facie maximum speed limit thereat or thereon, and another reasonable and safe speed when conditions caused by wet or inclement weather require it, by proper order of the Commission entered on its minutes, which limits, when appropriate signs giving notice thereof are erected, shall be effective at such intersection or other place or part of the highway system at all times or during hours of daylight or darkness, or at such other times as may be determined; provided, however, that said State Highway Commission shall not have the authority to modify or alter the rules established in Paragraph (b) of Section 166, nor to establish a speed limit higher than seventy (70) miles per hour; and provided further that the speed limits for vehicles described in Paragraphs a, b, and c of Subdivision 5 of Subsection (a) of Section 166 shall not be increased.

"By wet or inclement weather is meant conditions of the pavement or roadway caused by precipitation, water, ice or snow which make driving thereon unsafe and hazardous."

Although there were similar provisions in § 8 of Art. 827a, V. T. P. C., § 167 of Art. 6701d, authorizing the Commission to make determinations that speed limits provided by § 166 as prima facie reasonable was greater or less than a reasonable or safe speed under conditions found to exist, was first

enacted in 1963 and was the subject of two opinions of this office issued that year. Attorney General Opinion C-11 (1963) was addressed to the constitutionality of the proposed enactment. Referring to the rule that the Legislature may delegate powers if it has prescribed sufficient standards to guide the discretion conferred, it was concluded that:

> " . . . . In the quoted portions of the proposed Act, the Legislature has given clear and explicit instructions to the State Highway Commission as to the criteria to be applied in determining a reasonable and safe maximum prima facie speed limit. In Subsection (b) of Section 167, the Commission is even directed to use a specific technique, already established and in use, as a means of arriving at the said reasonable and safe maximum speed.
>
> " . . . .
>
> "In view of the foregoing, it is the opinion of this office that the delegation of authority to the State Highway Commission, contained in House Bill 50, is sufficiently limited and contains sufficiently explicit instructions, so as not to constitute an unlawful delegation of legislative power."

Attorney General Opinion C-99 (1963) was rendered after the adoption of the bill and concluded that it gave authority to the State Highway Commission "to alter maximum speed limits and establish minimum speed limits on limited-access or controlled-access highways within or without the limits of an incorporated city, town or village . . . ."

The question therefore which we must answer is whether the quoted language of § 167 is sufficient to confer upon the Commission authority to issue an order lowering the prima facie reasonable speed limit state-wide, or whether, to the contrary, its authority is limited to specific localities.

Were this a question of first impression, we would be inclined to construe § 167 to authorize the Commission, where it found the necessary facts to exist, to issue a state-wide change in the prima facie speed limit. We are certainly sympathetic to the laudable purpose which prompted the adoption of the Minute Order on December 4.

The Texas Highway Commission is a creature of the Legislature. Chapter 1, Title 116, Vernon's Texas Civil Statutes. Its powers are those conferred upon it by the Legislature. In determining what its powers are over the speed of vehicles upon the Highway we are necessarily required to determine the intent of the Legislature in the adoption of Article XIX of Article 6701(d). One of the cardinal rules of determining legislative intent is that, where the Legislature re-enacts a statute in substantially the same language as a pre-existing statute that has been interpreted either by a court of last resort or by executive order, it is presumed to have intended that the new enactment should receive the same construction as the old one. See 53 Tex. Jur. 2d, Statutes, § 192, pp. 294 - 298 and cases cited.

Thus, for instance, in Humble Oil & Refining Co. v. Calvert, 414 S. W. 2d 172 (Tex. 1967), the Supreme Court said:

"A statute of doubtful meaning that has been construed by the proper administrative officers, when re-enacted without any substantial change in verbiage, will ordinarily receive the same construction. "

In 1943, § 8 of Article 827a, Vernon's Texas Penal Code, the predecessor of Article 6701d, § § 166 and 167, after specifying speed limits for the state highways, provided:

"The State Highway Commission shall have the power and authority upon the basis of an engineering and traffic investigation to determine and fix the maximum, reasonable and prudent speed at any road or highway intersections, railway grade crossings, curves, hills, or upon any other part of a highway, less than

the maximum hereinbefore fixed by this Act, taking into consideration <u>the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon.</u> That whenever the State Highway Commission shall determine and fix the rate of speed at any said point upon any highway at a less rate of speed than the maximum hereinbefore set forth in this Act and shall declare the maximum, reasonable and prudent speed limit thereat by proper order of the Commission entered on its minutes, such rate of speed shall become effective and operative at said point on said highways when appropriate signs giving notice thereof are erected under the order of the Commission at such intersection or portion of the highway." (Emphasis added)

The language of § 167a of Article 6701d, V. T. C. S., comparable to that quoted above from § 8 of Article 827a, V. T. P. C., is: "Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation. . . under the conditions found to exist at any intersection or other place or upon any part of the highway system, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon. . . ." It is our opinion that the two provisions are substantially the same and that the intent of the Legislature in enacting § 167 and its various amendments was to give to the Highway Commission the same authority to alter speed limits as was granted by § 8 of Article 827a of the Penal Code.

On September 22, 1942, the State Highway Department adopted its Minute Order No. 19656, reciting an engineering and traffic investigation and finding that the maximum reasonable and prudent speed of motor vehicles on all highways comprising the state highway system should be reduced to 35 miles per hour.

One of our most honored and respected predecessors, Attorney General Gerald C. Mann, issued his Opinion No. O-4996 dated March 4, 1943, on the validity of that order and concluded with the statement:

"From a careful reading of the above statutory provision granting the Highway Commission the authority to determine what are maximum reasonable and prudent speeds upon certain sections and points of the Texas highways, we are impressed with the belief that the wording of the statute itself does not show an intention to give the Highway Commission authority to establish a new speed limit of _general application_ on all the many thousands of miles of State Highways, but rather indicates a contrary intent. The obvious intent of the grant is to empower the Commission to do what the Legislature itself could not practicably do: to determine and fix maximum safe speed limits (below the general maximum limits) at particular 'road or highway intersections, railway grade crossings, curves, hills' or upon any other particular section of highway which, because of predetermined local--not general-- conditions, might present extraordinary hazards to traffic safety. "

Despite his recognition of the "patriotic motives which impelled its passage", nevertheless, Attorney General Mann found that the order "goes beyond the authority granted, and in effect, attempts to repeal a general penal law passed by the Legislature, and substitute in its place an order passed by an administrative board", and thus the order was invalid. By its Minute Order No. 19879 dated March 8, 1943, the Commission acceded to the Attorney General's opinion and rescinded its prior order of September 22, 1942.

Despite the fact that 30 years have intervened and the Legislature has had many occasions to revise the language to give to the State Highway Commission authority to adjust speed limits state-wide when conditions require it, the Legislature has not done so. To the contrary, it has added § 167 to Article 6701d by Acts 1963, 58th Leg., p. 455, ch. 161, and later amended it in 1971.

We therefore feel compelled to conclude that the Legislature agreed with the interpretation placed upon the statutory language by Attorney General Mann and did not intend it to have the broader meaning which would be necessary to uphold the Commission's order of December 4, 1973. It is our opinion, therefore, that Minute Order No. 68228 was in excess of the State Highway Department's authority and is therefore invalid.

## SUMMARY

Minute Order No. 68228 was in excess of the State Highway Department's authority and is therefore invalid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, Chairman
Opinion Committee